FILED
SUPERIOR COURT
OF GUAM

2019 APR 26 PM 3: 32

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0549-18** |
| vs. | |
| **DEAN RAY QUINATA.** DOB: 02/11/1974 | **DECISION AND ORDER** (Motion to Compel Discovery) |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant Dean Ray Quinata's ("Quinata") Motion to Compel Discovery. Attorney Curtis C. Van de veld represents Quinata. Assistant Attorney General Matthew Phelps represents the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **DENYING** Quinata's Motion.

## BACKGROUND

On September 7, 2018, a grand jury returned an Indictment charging Quinata with one count each of CONSPIRACY TO IMPORT A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony), CONSPIRACY TO POSSESS WITH INTENT TO DELIVER A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony), and POSSESSION WITH INTENT TO DELIVER A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony). Indictment (Sep. 7, 2018).

On November 30, 2018, Quinata filed three related motions; (1) Motion to Enlarge Time to File Motions, (2) Motion to Suppress Evidence Obtained in an Illegal Search, and

(3) Motion to Compel Discovery in Aid of the Motion to Suppress. A pre-trial conference took place on January 2, 2019, at which time the Court decided it would first rule on the Motion to Compel Discovery, as Quinata argued he was unable to more fully set forth the basis for his Motion to Suppress without access to the discovery he simultaneously sought to compel. Mot. to Suppress at 2 (Nov. 30, 2018). The People filed their Opposition to the Motion to Compel on December 12, 2018. Opp'n (Dec. 12, 2018). A Motion Hearing was held on January 29, 2019, and the Court thereafter took this matter under advisement.

## DISCUSSION

Quinata moves for an order compelling production of discovery including alleged audio and video recordings, field notes of officers, and records of the Superior Court of Guam Probation Department. Mot. to Compel at 3 (Nov. 30, 2018).

8 GCA Chapter 70 regulates the discovery process in criminal proceedings. The prosecution has the affirmative duty to disclose to Defendant's counsel "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment thereof." 8 GCA § 70.10(a)(7); see also Guam v. Kitano, 2011 Guam 11 ¶ 19. The prosecution has an obligation to turn over certain relevant information that is "within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney." 8 GCA § 70.10(a). The People's obligation only extends "to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." 8 GCA § 70.10(b). This disclosure requirement extends to notes made by police officers in the course of an investigation, both in the field and in conducting interviews. People v. Superior Court (Laxamana), 2001 Guam 26 ¶ 44.

Further, under Brady v. Maryland, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." However, Brady does not impose an affirmative duty upon the government to take action to discover information which it does not possess. U.S. v.

Graham, 484 F.3d 413, 417 (6th Cir. 2007); see also U.S. v. Tierney, 947 F.2d 854, 864 (8th Cir. 1991) ("It is well settled that there is no 'affirmative duty upon the government to take action to discover information which it does not possess.'" See also Harm v. State, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006) (explaining that the government is not required to seek out exculpatory evidence independently on Defendant's behalf or provide Defendant with exculpatory or mitigating evidence that is fully accessible to Defendant from another source.)

The prosecutor's responsibility to learn of favorable evidence extends to "others acting on the government's behalf in the case," and the prosecutor is "presumed to have knowledge of all information gathered in connection with his office's investigation of the case." U.S. v. Meregildo, 920 F.Supp.2d 434, 440 (S.D. N.Y. 2013). The constructive knowledge of the prosecutor, however, is limited. "It does not encompass every agency and individual within the [government]." Id.; see also U.S. v. Avellino, 136 F.3d 249, 255 (2nd Cir. 1998) ("[K]nowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor"); see also U.S. v. Morell, 524 F.2d 550, 555 (2d Cir. 1975) (explaining that imputation is only proper when an agency can be considered "an arm of the prosecutor"). However, "a prosecutor's office cannot get around Brady by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." Carey v. Duckworth, 738 F.2d 875, 878 (7th Cir.1984).

a. *Audio and video recordings.*

Quinata states that he "previously resolved a forfeiture action on certain personal property seized from Defendant's arrest and was thence informed that audio and video recordings of certain events occurred. No such recordings have been provided." Mot. to Compel at 3. Quinata has not identified who informed him of the existence of such evidence. Quinata has not provided the Court with a declaration or any other evidence to demonstrate that such a statement was made to him. Because the Court is not aware of who may be in possession of this evidence, or whether this evidence exists, the Court cannot compel its production.

b. *Probation Department records.*

Quinata argues that he is entitled to the field notes of officers who conducted interviews of informants. Mot. to Compel at 2. Quinata also seeks any information

concerning any records of the training and activities of the canine used in the relevant searches. Id. at 3-4.

Quinata argues that the Laxamana decision extends to field notes of Probation Officers. Mot. to Compel at 2. Quinata argues that "[t]he Probation Office regularly reports to the Office of the Attorney General and its records are therefore within the Government's constructive possession under the statute." Id. The People argue that Probation Officers do not report to the Attorney General and the People are therefore not obligated to disclose such information to Quinata. Opp'n at 2. The Court agrees with the People. The Probation Office is a part of the judicial branch, while the Attorney General's Office is a part of the executive branch. The branches of government are separate and distinct entities pursuant to the doctrine of separation of powers. The People have no authority to oversee the Probation Office and does not have access to the records of the Probation Office. The People do not have a duty to collect information that is not in their control. Graham, 484 F.3d 413, 417 (6th Cir. 2007). If Quinata seeks information held by the Probation Office, then he must issue a subpoena to such office.

The Court further notes that the Attorney General's Office does not exercise control over the Drug Enforcement Agency or any other federal law enforcement agency. As with records and field notes of Probation Officers, Quinata may seek information from federal law enforcement agencies by issuing a subpoena directly to those agencies.

## CONCLUSION

Based on the forgoing reasons, the Court **DENIES** Quinata's Motion to Compel Discovery.

A **Criminal Trial Setting** is set for ___5/21/19___ at ___@ 9a.m.___

SO ORDERED this ___4/26/19___.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG/VANDEVELD

APR 26 2019 ___ Time: 3:40 pm

Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0549-18, People of Guam v. Quinata
Decision and Order (Motion to Compel Discovery)